# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-3124
LT Case No. 05-2024-CA-39369

———————————————

RANDY FINE,

    Appellant,

    v.

TIM BOBANIC and ROBERT
WILLIAM BURNS, III,

    Appellees.

———————————————

On appeal from the Circuit Court for Brevard County.
Scott A. Blaue, Judge.

Ryan Christopher Rodems, of Morgan & Morgan, P.A., Orlando,
for Appellant.

Robert W. Burns, III, Melbourne, pro se.

No Appearance for Remaining Appellee.

June 19, 2026

SOUD, J.

    Appellant Randy Fine appeals the trial court's order adjudging him in direct and indirect civil contempt of court. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b); *see also Kyle v. Carter*, 290 So. 3d 640, 641 (Fla. 1st DCA

2020) ("A post-judgment contempt order is an appealable final order."). We reverse, concluding that the trial court erred in failing to allow Fine's counsel a brief recess to prepare a written motion for disqualification as mandated by longstanding Florida law.

In this case, a political tussle over the election of a Republican State Committeeman spilled over into Florida courts after Appellee Robert Burns filed a petition below seeking to disqualify Fine and Wayne Twiddy as candidates for the post. Appellee Tim Bobanic, the Brevard County Supervisor of Elections, moved to dismiss the petition. After a hearing, the trial court dismissed Burns's petition with prejudice.

The next day, Burns emailed the trial judge accusing Fine of disruptive and unbecoming behavior and providing screenshots of Fine "flipping a bird" to Burns and forming the letter "L" with his right thumb and index finger (presumably calling Burns a loser).[1] As a result, the trial judge issued an order requiring Fine to show cause why he should not be held in "civil contempt of court."[2] A hearing was set for October 1, 2024.

At the hearing, Fine's counsel requested a continuance raising numerous procedural concerns and claimed irregularities. The trial court denied the motion. Then, during the hearing, Fine's counsel requested a recess and indicated he needed time to draft a written motion to disqualify the trial judge based upon matters that occurred during the hearing. The trial court denied this requested recess.

Fine argues the trial court committed numerous errors in holding him in civil contempt of court. We need only consider one of his arguments—that the trial judge reversibly erred in denying Fine's counsel a continuance to prepare a written motion to disqualify for matters occurring during the hearing.

---

[1] Fine contested the screenshots' authenticity.

[2] A similar order was issued for Fine's attorney for failing to stop the conduct. That order to show cause is not before this Court.

"A party may seek disqualification when 'the party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.'" *Meredith v. Meredith*, 420 So. 3d 596, 598 (Fla. 5th DCA 2025) (quoting Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1)). Motions to disqualify must be in writing. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(c)(1). When conduct forming the basis of a motion to disqualify occurs during a hearing or trial, a motion to disqualify "may be stated on the record, provided that it is also promptly reduced to writing . . . and promptly filed." Fla. R. Gen. Prac. & Jud. Admin. 2.330(g). To that end, the moving party "may request a brief recess—*which must be granted*—in order to prepare the appropriate documents." *Rogers v. State*, 630 So. 2d 513, 516 (Fla. 1993) (emphasis added).

Here, Fine's counsel advised the trial judge that based on certain occurrences during the hearing, he believed sufficient grounds existed that required he file a motion to disqualify. Counsel requested a brief recess to prepare a written motion as required by Rule 2.330(c)(1). Under long-established Florida law, denial of the requested recess was error that requires reversal. *See id.* Because we conclude the trial court reversibly erred in denying Fine's counsel a brief recess to promptly prepare a written motion, we need not consider the merits of his remaining arguments. *See Ussin v. Wood*, 422 So. 3d 1274, 1274–75 (Fla. 5th DCA 2025).

Accordingly, we REVERSE the trial court's order adjudging Fine in contempt of court. Given the unique facts of the record before us, we decline to remand this case to the trial court for further proceedings and simply VACATE the order.

It is so ordered.


LAMBERT and EDWARDS, JJ., concur.

———————————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————————

4